## IN THE UNITED STATES BANKRUPTCY COURT
## FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| RYCHALSKY JR., JOSEPH, | : | Case No. 03-12439 (KJC) |
| | : | |
| Debtor. | : | |
| | : | |

### MOTION TO PAY COMBINED UNCLAIMED CHECK INTO THE COURT

JEOFFREY L. BURTCH, chapter 7 trustee (the "Trustee") of the Joseph Rychalsky Jr. estate (the "Debtor"), respectfully represents as follows:

1.      The Debtor's Chapter 7 case was filed on August 5, 2013 and the Trustee was appointed immediately thereafter.

2.      On April 11, 2014 the Trustee made distribution to creditors, including to Shore Bank on their claim no. 11 per Court Order dated April 9, 2014 [D.I. 152] via check no. 21027 in the amount of $1,205.93. The disbursement to Shore Bank was never negotiated and the Trustee exhausted efforts to locate Shore Bank or a successor to the funds belonging to Shore Bank.

3.      On October 2, 2014, the Trustee filed his Motion to Pay Combined Unclaimed Check Into The Court [D.I. 163] seeking to turnover unclaimed funds, including the funds referenced above belonging to Shore Bank (the "Funds").

4.      On October 7, 2014 the Trustee was contacted by Urban Partnership Bank regarding the Trustee's Motion filed at D.I. 163. At that time Urban Partnership Bank informed the Trustee that on August 20, 2010, The Illinois Department of Financial and Professional Regulation closed Shore Bank and the FDIC was appointed the receiver of Shore Bank's assets. On the same day, Urban Partnership Bank acquired certain of Shore Bank's assets from the FDIC, including loan portfolios. Urban Partnership Bank advised the Trustee that if the loan to which the claim relates is an asset that Urban Partnership Bank acquired, Urban Partnership

Bank is due the Funds. Urban Partnership Bank further advised the Trustee that if the loan was the property of the FDIC, then Urban Partnership Bank would turn over the Funds to the FDIC.

5.      On October 8, 2014 the Trustee filed his Certification of Counsel Regarding Trustee's Motion to Pay Combined Unclaimed Check Into The Court [D.I. 164]. At that time the Trustee represented that he believed the Funds belonged to Urban Partnership Bank and that he would re-issue the Funds payable to Shore Bank and deliver the check to Urban Partnership Bank.

6.      On November 6, 2014 the Trustee issued check no. 21057 in the amount of $1,205.93 payable to Shore Bank and delivered the check to Urban Partnership Bank.

7.      Subsequent to re-issuing the Funds, the Trustee was contacted by Urban Partnership Bank indicating they had received the check, but were unable to negotiate the check made payable to Shore Bank.

8.      Urban Partnership Bank requested that the Trustee again re-issue the Funds, this time payable to Urban Partnership Bank. The Trustee is unable to re-issue the Funds payable to Urban Partnership Bank because Urban Partnership Bank cannot confirm definitively that the Funds belong to them and not to the FDIC.

9.      Therefore, the Trustee has determined that the funds should be turned over to the Court.

WHEREFORE, Jeoffrey L. Burtch, Chapter 7 Trustee, respectfully requests that the Court permit the Estate's funds of $1,205.93, be paid to the Clerk for deposit to the Treasury.

Dated: February 6, 2015

/s/ Jeoffrey L. Burtch
Jeoffrey L. Burtch
Chapter 7 Trustee
P.O. Box 549
Wilmington, DE 19801
Telephone: (302) 984-3800